| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2024-K-0622** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **IRA R. TONEY, JR.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 543-850, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano)

LOBRANO, J., CONCURS IN THE RESULT.

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
District Attorney's Office
619 S. White Street
New Orleans, LA. 70119

      COUNSEL FOR STATE OF LOUISIANA, APPELANT

Gregory Q. Carter
1100 Poydras Street
Suite 2990
New Orleans, LA  70163

      COUNSEL FOR DEFENDANT, APPELLEE

      **WRIT GRANTED AND RELIEF GRANTED.**
            **OCTOBER 2, 2024**

RLB

DLD

On September 9, 2024, the trial court denied the State of Louisiana's ("State's") motion to introduce evidence of prior bad acts of the defendant, Ira R. Toney, Jr. ("Toney") pursuant to La. C.E. art. 404(B).  For the reasons that follow, we grant the writ requested and reverse the order of the trial court.

In this case, a minor child, K.H., was the victim of repeated sexual abuse. The first abuser was K.H.'s step-grandparent (referred to herein as "Hunter") and the State alleges that defendant in this case was a second abuser.  The prosecution of both alleged abusers has a lengthy and checkered history.  Because that history is relevant it is summarized here.  The first abuser was convicted of molestation of a juvenile under the age of 13[1] by a 10-2 vote of the jury.  That conviction was reversed based on the U.S. Supreme Court decision in *Ramos v. Louisiana*, 590 U.S. 83, 140 S. Ct. 1390 (2020), which outlawed non-unanimous verdicts in criminal cases.  Hunter was re-indicted on molestation of a juvenile under the age of 13 and convicted by a unanimous jury verdict.

Toney was introduced into K.H.'s life when he began dating K.H.'s older sister.  The State alleges that Toney questioned K.H. about Hunter's abuse and

---

[1] La. R. S. 14:81.

1

learned that police had taken no action against him at the time even though police were notified. The State alleges further that Toney was emboldened by the lack of consequences for Hunter's abuse. Soon after his conversations with K.H., Toney began a rapidly escalating pattern of abusing K.H. according to the State.

Through actions taken by K.H. and the assistance of other authorities, police began an investigation of both Hunter and Toney which ultimately resulted in the arrest of both defendants. As noted above, Hunter was ultimately convicted for his actions.

Toney has also been indicted and this writ application addresses evidentiary matters in the conduct of his trial. Toney's case has been set for trial previously. Again, for the sake of brevity, the prior trial setting can be summarized by recounting that the first attempt at trial ended in a mistrial during jury selection. After the mistrial, Toney was re-indicted on December 14, 2018, charging him with the following:

> Count 1 – Indecent Behavior with a Juvenile under the Age of 13 upon K.H, between December 1, 2015 and January 17, 2016, a felony in violation of La. R.S. 14:81;
>
> Count 2 – Sexual Battery upon K.H., a juvenile under 13, between December 1, 2015 and January 17, 2016, a felony in violation of La. R.S. 14:43.1;
>
> Count 3 – Sexual Battery upon K.H., a juvenile under 13, between December 1, 2015 and January 17, 2016, a felony in violation of La. R.S. 14:43.1;
>
> Count 4 – First Degree Rape upon K.H., between December 1, 2015 and January 17, 2016, a felony in violation of La. R.S. 14:42;
>
> Count 5 – Violation of a Protective Order, issued in Case No. 556-522, between May 18, 2016 and October 6, 2016, a misdemeanor in violation of La. R.S. 14:79;
>
> Count 6 – Violation of a Protective Order, issued in Case No. 556-522, on November 8, 2018, a misdemeanor in violation of La. R.S. 14:79;

Count 7 – Violation of a Protective Order, issued in Case No. 556-522, between May 18, 2016 and October 6, 2016, a misdemeanor in violation of La. R.S. 14:79;

Count 8 – Simple Assault upon [K.H.'s father], on July 13, 2016, a misdemeanor in violation of La. R.S. 14:38.

The trial on the re-indictment was set for September 9, 2024. The case was continued due to the approach of a hurricane. It is presently set for October 9, 2024. Before each trial setting, the State moved to permit the introduction of the same prior bad acts of the defendant that will be described below. On each occasion, the trial court denied the motion.

### The prior bad acts alleged

As background for the State's motion, it is important to note that an order was issued at Toney's first appearance on May 17, 2016 prohibiting Toney from "communicating, directly or indirectly, with the victim . . . or the victim's family." Notwithstanding the order, Toney allegedly (1) threatened to kill Eric Brown (K.H.'s father) at a McDonald's; (2) repeatedly called K.H.'s sister to seek her cooperation in getting favorable testimony; and (3) entered the courtroom during K.H.'s testimony at Hunter's 2018 trial. These alleged violations of the protective order include the factual basis for counts 5 through 8 of Toney's indictment.

Because they are misdemeanors, the judge, not the jury, will be the fact finder on these counts. Therefore, these alleged facts must have an independent and relevant reason for admissibility under Article 404(B). We believe the defendant's actions are relevant to the felony charges that the jury must decide.

Evidence of other crimes, wrongs, or acts of a defendant are admissible in order to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or accident. La. C.E. art. 404(B). In this case, the defendant's actions, if proven, might show consciousness of guilt. His alleged efforts to

3

intimidate and coerce K.H. and her family members, if proven, show his concern that the truth might be detrimental to his interest at trial. La. C.E. art. 403 would still prohibit the admission of evidence regarding these alleged acts of the defendant if their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. Because it is our opinion that these actions, if proven, go to the heart of the State's case, whatever prejudice may result cannot be shown to be unfair, misleading or confusing.

The evidence that the State seeks to admit in this case is relevant, probative, and is not unfairly prejudicial, misleading or confusing. For these reasons, we reverse the holding of the trial court and grant the motion to permit introduction of evidence on the matters described herein.

**WRIT GRANTED AND RELIEF GRANTED.**